EOD    APR 3 0 2004

S:\MAXWELL FILES\Neurosurgeons\Rutkowski\Draft4 727.CX.doc
03-101-046

**F I L E D**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

APR 3 0 2004

KENNETH S. GARDNER, CLERK
PS REP. - DR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 02 B 40547 |
| LENARD RUTKOWSKI, | ) | Hon. Carol A. Doyle |
| | ) | Chapter 7 |
| Debtor. | ) | |
| ———————————— | ) | |
| | ) | |
| JOHN MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. |
| | ) | |
| LENARD RUTKOWSKI, | ) | |
| | ) | |
| Defendant. | ) | |

**P A I D**
APR 3 0 2004

KENNETH S. GARDNER, CLERK
UNITED STATES BANKRUPTCY COURT
BY 30 78916

# 04A02484

### ADVERSARY COMPLAINT FOR DENIAL OF DEBTOR'S DISCHARGE
### AND FOR OTHER RELIEF

John Murphy ("Murphy"), by his attorneys, pursuant to §727 of the Bankruptcy Code,

states the following as his Adversary Complaint for Denial of Debtor's Discharge and For Other

Relief ("Complaint"):

#### Count I: Denial of Discharge Pursuant to §727(a)(2)(A)

1.     Lenard Rutkowski ("Debtor") filed a petition for relief under Chapter 11 of the

Bankruptcy Code on October 16, 2002 ("Petition Date"), commencing his bankruptcy case

("Rutkowski Bankruptcy"). The Rutkowski Bankruptcy was subsequently voluntarily converted

by the Debtor to a Chapter 7 case on October 22, 2003 ("Conversion Date").

2.     David R. Brown was appointed to serve as the Chapter 7 Trustee in the Rutkowski

Bankruptcy.

3.     This Court has jurisdiction over this adversary proceeding pursuant to Title 28

- 1 -

U.S.C. §1334, Fed.R.Bankr.P. 7001, et seq., and Local District Court Rule 2.33(A).

4.      This is a core proceeding pursuant to Title 28 U.S.C. §157(b)(2) in which this Court is empowered to enter final judgment.

5.      Venue is proper in this district pursuant to Title 28 U.S.C. §1409(a).

6.      The Debtor is a physician who operated a medical corporation, Neurosurgeons, Ltd., in Joliet, Illinois ("Neurosurgeons"). On information and belief, the Debtor was at all pertinent times the sole director, officer, shareholder, and person in control of Neurosurgeons.

7.      At all pertinent times, the Debtor was the only physician employed by Neurosurgeons.

8.      On November 20, 2001, Murphy was awarded a judgment of more than $5,000,000.00 against Neurosurgeons, the Debtor, and Dr. Salvatore Rinella, in a lawsuit in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois ("Judgment").

9.      Neurosurgeons filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court on September 5, 2002, case No. 02 B 34101 ("Neurosurgeons Bankruptcy").

10.      The Neurosurgeons Bankruptcy was subsequently converted to Chapter 7 in June 2003. Bradley J. Waller was appointed to serve as the Chapter 7 Trustee in the Neurosurgeons Bankruptcy.

11.      Murphy is the largest creditor in both the Neurosurgeons Bankruptcy and the Rutkowski Bankruptcy.

12.      On information and belief, during the one year prior to the Petition Date, the Debtor caused or permitted to be made transfers of his property as follows:

    A.      An amount not less than $12,000.00 from Debtor's Morgan Stanley joint account #335235383 to Chase Manhattan Mortgage Company ("Chase Transfers");

B.     An amount not less than $14,500.00 from Debtor's Morgan Stanley joint account #335235383 to Citimortgage ("CITI Transfers");

C.     An amount not less than $34,000.00 from Debtor's Morgan Stanley joint account #335235383 to Wells Fargo Home Mortgage ("Wells Fargo Transfers");

D.     An unknown amount from Debtor's joint accounts to Harris Bank Hinsdale as and for mortgage payments ("Harris Transfers");

E.     An unknown amount from Debtor's joint accounts to Loancity.com as and for mortgage payments ("Loancity.com Transfers");

F.     The aggregate amount of $8,852.67 on or about August 20, 2002, from Debtor's Dreyfus Worldwide joint account #762-0300572674 to the DuPage County Tax Collector ("DuPage Transfers");

G.     The amount of $1,693.93 on or about November 10, 2001, from Debtor's Morgan Stanley joint account #335235383 to the Collier County Tax Collector ("Collier Transfer");

H.     The amount of $9,910.00 on or about May 28, 2002, from Debtor's Morgan Stanley joint account #335235383 to Tuscher Roofing Co. ("Tuscher Transfer");

I.     An amount not less than $25,000.00 to his spouse Nancy Rutkowski's Dreyfus Short Term Income Fund Account #083-10200043440; and

J.     Securities having a value of $22,035.60 on or about August 29, 2002, from his Morgan Stanley Joint Account #335235383 to Morgan Stanley Account 335026968, which is owned by the Nancy Rutkowski Trust. True and correct copies of the Debtor's bank statements and Nancy Rutkowski Trust bank statements evidencing such transfer are attached hereto as Group Exhibit 1.

All of the foregoing transfers are collectively hereinafter referred to as the "Fraudulent Transfers".

13.     On information and belief, the Debtor had no legal obligation to make the Chase Transfers, the CITI Transfers, the Harris Transfers, the Loancity Transfers, the DuPage Transfers, the Collier Transfer, or the Tuscher Transfer.

14.    On information and belief, the Debtor did not own the real property secured by the mortgage on account of which the Wells Fargo Transfers were made, and the Debtor was not legally obligated to make the Wells Fargo Transfers.

15.    On information and belief, the Debtor caused or permitted to be made each of the Fraudulent Transfers with intent to hinder, delay, or defraud his creditors.

16.    At all times pertinent hereto, §727(a)(2)(A) of the Bankruptcy Code has provided as follows:

> (a) The court shall grant the debtor a discharge, unless --
> * * *
> (2)    the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed --
> * * *
> (A)    property of the debtor, within one year before the date of the filing of the petition; ...

17.    Because he caused or permitted to be made the Fraudulent Transfers, the Debtor's discharge should be denied pursuant to §727(a)(2)(A) of the Bankruptcy Code.

**WHEREFORE,** John Murphy prays this Court to deny the Debtor's discharge, to award him his costs of suit, and to grant such other and further relief as this Court deems just and fair.

### Count II: Denial of Discharge Pursuant to §727(a)(5)

1-11.    Murphy realleges and incorporates by reference paragraphs 1-11 of Count I of this complaint as and for paragraphs 1-11 of this Count II.

12.    In his schedules filed in the Rutkowski Bankruptcy, excluding a 4.99% interest in a building in Joliet, Illinois, the Debtor listed the total value of all his non-exempt assets as approximately $27,000.00.

13.     During the one year preceding the Petition Date, the Debtor caused or permitted to

be made transfers of his property as follows:

A.      More than $235,800.00 from Debtor's Morgan Stanley joint account
#335235383 to pay charges on a credit card issued by First Bank NA;

B.      More than $33,500.00 from Debtor's Morgan Stanley joint account
#335235383 to pay charges on a credit card issued by Diner's Club;

C.      The amount of $37,867.20 on or about February 6, 2002, from Debtor's
Harris Bank Hinsdale joint account number 0000804754 for some unknown
obligation;

D.      The amount of $58,728.00 on or about June 6, 2002, from Debtor's Harris
Bank Hinsdale joint account number 0000804754 for some unknown
obligation;

E.      The amount of $15,000.00 on or about June 7, 2002, from Debtor's
Dreyfus Worldwide Dollar Money Market Fund joint account #083-
0300572674 for some unknown obligation.

F.      The amount of $20,000.00 on or about May 2, 2002, from Debtor's
Dreyfus Worldwide Dollar Money Market Fund joint account #762-
0300572674 for some unknown obligation.

14.     The aggregate dollar amount of the foregoing transfers is more than $400,000.00.

15.     Based on the schedules he filed, the Debtor has no property or interest(s) in

property to explain what became of the $400,000.00 he transferred as listed above.

16.     In light of the difference between the amount of the foregoing transfers and the

value of the Debtor's non-exempt assets as of the Petition Date, the debtor has failed to explain

satisfactorily, before determination of denial of discharge, his loss of assets or deficiency of assets

to meet his liabilities.

17.     At all times pertinent hereto, §727(a)(5) of the Bankruptcy Code has provided as

follows:

(a) The court shall grant the debtor a discharge, unless --

* * *

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

18.     Because of his failure to explain satisfactorily his loss of assets or deficiency of assets to meet his liabilities, the Debtor's discharge should be denied pursuant to §727(a)(5) of the Bankruptcy Code.

**WHEREFORE,** John Murphy prays this Court to deny the Debtor's discharge, to award him his costs of suit, and to grant such other and further relief as this Court deems just and fair.

### Count III: Denial of Discharge Pursuant to §727(a)(4) and §727(a)(7)

1-11.   Murphy realleges and incorporates by reference paragraphs 1-11 of Count I of this complaint as and for paragraphs 1-11 of this Count III.

12.     During the Chapter 11 period of the Neurosurgeons Bankruptcy, the Debtor acted as the designated representative of Neurosurgeons within the meaning of Fed.R.Bankr.P. 9001(5).

13.     A debtor-in-possession is a fiduciary to its creditors under §§704(a) and 1107(a) of the Bankruptcy Code.

14.     In his capacity as the Designated Representative of Neurosurgeons, the Debtor agreed to entry of an agreed final cash collateral order with Murphy ("Cash Collateral Order"). A true and correct copy of the Cash Collateral Order is attached hereto as exhibit 2.

15.     In his capacity as the Designated Representative of Neurosurgeons and during the Chapter 11 period of the Neurosurgeons Bankruptcy, the Debtor caused Neurosurgeons to make payments totaling approximately $70,000.00 in violation of the Cash Collateral Order, as follows:

A.      the approximate amount of $34,864.00 to the Neurosurgeons money purchase retirement plan, of which the Debtor is the primary beneficiary;

    B.     the approximate amount of $31,436.00 into Neurosurgeons' profit sharing retirement plan, of which the Debtor is the primary beneficiary; and

    C.     the approximate amount of $3,500.00 for meals and entertainment primarily for the Debtor and/or his Debtor's spouse, Nancy Rutkowski.

16.    By causing Neurosurgeons to make the foregoing payments, the Debtor caused Neurosurgeons to violate the Cash Collateral Order.

17.    At all times pertinent hereto, §727(a)(6)(A) of the Bankruptcy Code has provided:

    (a)    The court shall grant the debtor a discharge, unless –

          * * *

        (6)    the Debtor has refused, in the case –

            (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

18.    At all times pertinent hereto, §727(a)(7) of the Bankruptcy Codes has provided:

    (a)    The court shall grant the debtor a discharge unless –

          * * *

        (7)    the debtor has committed any act specified in paragraph (2), (3), (4), (5), (6) of this subsection, on or within one year before the date of the filing of the petition, or.... in connection with another case, under this title or under the Bankruptcy Act, concerning an insider."

19.    At all times pertinent hereto, the Debtor was an insider of Neurosurgeons within the meaning of §101(31) of the Bankruptcy Code.

20.    Because the Debtor caused Neurosurgeons to fail and refuse to obey the Cash Collateral Order, the Debtor's discharge should be denied pursuant to §727(a)(6)(A) and §727(a)(7) of the Bankruptcy Code.

**WHEREFORE,** John Murphy prays this Court to deny the Debtor's discharges, to award him his costs of suit, and to grant such other and further relief as this Court deems just and fair.

### Count IV: Denial of Discharge Pursuant to §§727(a)(2)(B) and 727(a)(7)

1-15.    Murphy realleges and incorporates by reference paragraphs 1-15 of Count III of

this complaint as and for paragraphs 1-15 of this Count IV.

16.    On information and belief, as of the date Neurosurgeons filed its Chapter 11

petition, the liquidation value of all its assets was approximately $300,000.00.

17.    On information and belief, as of the date the Neurosurgeons Bankruptcy was

converted to a Chapter 7 case, the value of all its assets was approximately $100,000.00, being

approximately one-third the value as of the date Neurosurgeons filed its bankruptcy petition.

18.    In his capacity as Designated Representative of Neurosurgeons, the Debtor caused

or permitted Neurosurgeons to make the following post-petition transfers:

A.    approximately $200,000.00 to its officers, consisting only of the Debtor
and his spouse.

B.    not less than $12,000.00 to Jamie Rutkowski, the Debtor's daughter.

C.    not less than $12,000.00 to David Rutkowski, the Debtor's son.

D.    approximately $20,000.00 for lease payments for a BMW automobile, used
primarily for the Debtor's own benefit.

E.    approximately $85,000.00 in legal fees, a portion of which was payment for
legal work relating to the Rutkowski Bankruptcy.

F.    approximately $65,000.00 in accounting fees.

19.    The Debtor caused or permitted Neurosurgeons to make the foregoing transfers

with intent to hinder, delay, or defraud Neurosurgeons' creditors.

20.    At all times pertinent hereto, § 727(a)(2)(B) of the Bankruptcy Code has provided:

(a) The court shall grant the debtor a discharge, unless --

\* \* \*

(2)    the debtor, with intent to hinder, delay, or defraud a creditor or an
officer of the estate charged with custody of property under this
title, has transferred, removed, destroyed, mutilated, or concealed,
or has permitted to be transferred, removed, destroyed, mutilated, or
concealed --

\* \* \*

      (B)     property of the estate, after the date of the filing of the petition...

21.    At all times pertinent hereto, §727(a)(7) of the Bankruptcy Codes has provided as follows:

    (a) The court shall grant the debtor a discharge unless –

          * * *

    (7)    the debtor has committed any act specified in paragraph (2), (3), (4), (5), (6) of this subsection, on or within one year before the date of the filing of the petition, or.... in connection with another case, under this title or under the Bankruptcy Act, concerning an insider.

22.    Because he caused or permitted Neurosurgeons to make the above described transfers within intent to hinder, delay or defraud its creditors, the Debtor's discharge should be denied pursuant to §§727(a)(2)(B) and 727(a)(7) of the Bankruptcy Code.

**WHEREFORE,** John Murphy prays this Court to deny the Debtor's discharge, to award him his costs of suit, and to grant such other and further relief as this Court deems just and fair.

          Respectfully submitted,
          John Murphy

    BY: _____
        One of his attorneys

Andrew J. Maxwell (ARDC #1799150)
Steven S. Potts (ARDC #6200073)
Zane L. Zielinski (ARDC #6278776)
Law Offices of Andrew J. Maxwell
105 West Adams, Suite 3200
Chicago, IL 60603
312/368-1138

# Morgan

Your Financial Advisor
TRAVIS SHEETS
ASSISTANT VICE PRESIDENT
MORGAN STANLEY
2211 YORK ROAD SUITE 100
OAKBROOK, IL 60523
(630) 573-9700

## Asset Summary

| | Value | % of Assets |
|---|---|---|
| Money Market Funds | $6.00 | 0.0% |
| Stocks | 0.00 | 0.0 |
| Municipal Bonds | 0.00 | 0.0 |
| Corporate Fixed Income | 0.00 | 0.0 |
| Government Securities | 0.00 | 0.0 |
| Mutual Funds | 401.02 | 100.0 |
| Unit Investment Trusts | 0.00 | 0.0 |
| Certificates of Deposit | 0.00 | 0.0 |
| Annuities/Insurance | 0.00 | 0.0 |
| Other | 0.00 | 0.0 |
| Asset Value | $401.02 | |
| Margin Loan | -293.68 | |
| **Total Asset Value** | **$107.32** | **100.0%** |

## Income Summary

| | This Month | Year-To-Date |
|---|---|---|
| Money Market Funds | $4.05 | $81.21 |
| Stocks | 0.00 | 0.00 |
| Municipal Bonds | 0.00 | 0.00 |
| Corporate Fixed Income | 0.00 | 0.00 |
| Government Securities | 0.00 | 0.00 |
| Mutual Funds | 0.00 | 0.00 |
| Unit Investment Trusts | 0.00 | 0.00 |
| Certificates of Deposit | 0.00 | 0.00 |
| Other | 0.00 | 0.00 |
| **Total Income** | **$4.05** | **$81.21** |
| Taxable Income | $4.05 | $81.21 |
| Tax Exempt Income | $0.00 | $0.00 |

NANCY J RUTKOWSKI &
LENARD J RUTKOWSKI MD JTTEN
12 NATOMA CT
OAK BROOK IL 60523-7710

## ACTIVE ASSETS ACCOUNT®

FOR MONTH ENDING AUGUST 31, 2002

Account Number
355 235283 034

AAA Customer Service
1-800-869-3326

## Activity Summary

| | | |
|---|---|---|
| Total Asset Value July 31 2002 | | $26,566.70 |
| Cash/Money Market Total Activity for August | | |
| Closing Balance 7/30 | | $4,211.00 |
| **Credits To Your Account** | | |
| Dividend and Interest | 4.05 | |
| Deposits | 41,621.00 | |
| Sales Proceeds/Redemptions | 3.00 | |
| Other Credits | 0.00 | |
| Total Credits | | 41,624.03 |
| **Debits To Your Account** | | |
| Checking | -27,315.71 | |
| Debit Card | 0.00 | |
| Withdrawals | -16,563.00 | |
| Funds to Purchase Securities | 0.00 | |
| Other Debits | -50.00 | |
| Total Debits | | -46,128.71 |
| Closing Balance 8/31 | | -293.68 |
| **Net Change Cash/Money Market Activity** | | -4,504.68 |
| **Changes in Asset Value for August** | | |
| Value of Priced Assets 7/31 | $22,355.70 | |
| Securities Bought | 0.00 | |
| Securities Received | 0.00 | |
| Securities Sold/Redeemed | 0.00 | |
| Securities Delivered | -22,035.60 | |
| Transactions at Fund Company | 0.00 | |
| Change in Value of Priced Assets | 80.90 | |
| Value of Priced Assets 8/31 | | 401.00 |
| **Net Change in Asset Value** | | -21,954.70 |
| **Total Asset Value as of August 31 2002** | | **$107.32** |

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.

RUT 01027

P. 42

EXHIBIT

Sep 26 02 02:30p

# MorganStanley

NANCY J RUTKOWSKI &
LENARD J RUTKOWSKI MD JTTEN

## ACTIVE ASSETS ACCOUNT®
FOR MONTH ENDING AUGUST 31, 2002

Account Number
335 235383 094

## ASSET DETAILS

### Cash and Money Market Funds

| | Amount | Pct of Assets | Est Yrly Income |
|---|---|---|---|
| MARGIN LOAN | -295.68 | --- | --- |

### Total Cash and Money Market Funds

### Net Change Since Last Statement

### Annualized 30-Day Yields

| | |
|---|---|
| Active Assets Money Trust. | 1.40% |
| Active Assets Govt. Sec. Tr. | 1.27% |
| Active Assets California Tax Free. | 0.66% |
| Active Assets Tax Free Trust. | 0.85% |
| Active Assets Insured Account. | 1.08% |
| Active Assets Deposit Account. | 1.08% |

### Mutual Funds

| | Current Price | Value | Pct of Assets | Est Yrly Income | Distribution Rate | Fund Plan Number | Symbol | Dividend/ Cap Gains Option |
|---|---|---|---|---|---|---|---|---|
| Morgan Stanley Mutual Funds | | | | | | | | |
| 100.000% NEW DISCOVERIES FUND B | 4.0100 | 401.00 | 100.0% | N/A | N/A | 149912116 | NDFBX | Reinv/Reinv |

### Total Mutual Funds

### Net Change Since Last Statement

### Asset Summary

| | Value | Est Yrly Income |
|---|---|---|

### Total Asset Value

### Total Net Change In Total Asset Value Since Last Statement

investments and services are offered through Morgan Stanley DW Inc., member SIPC.

RUT 01028



# Morgan Stanley

**ACTIVE ASSETS ACCOUNT®**

*FOR MONTH ENDING AUGUST 31, 2002*

PAGE 5 OF 35

NANCY J RUTKOWSKI &
LENARD J RUTKOWSKI MD JTTEN

Account Number
335 235383 094

## Authorized Limit

*Your Authorized Limit equals:*

```
  .00    Money Market Trust balance
  .00 +  cash balance
  .00 +  loan amount available to you,
         based on a percent of the
         assets in your margin account
         (identified by asterisk)
-293.68 - debit balance.
```

=========$0.00 ========= Authorized Limit =========

## Morgan Stanley Margin Loan Rates

| Loan Amount | Rate |
|---|---|
| $0 - 24,999 . . . . . . . . . . . . | 7 1/8% |
| $25,000 - 49,999 . . . . . . . . . | 6 5/8% |
| $50,000 - 99,999 . . . . . . . . . | 5 7/8% |
| $100,000 & over . . . . . . . . . . | 5 3/4% |

EFFECTIVE DATE:   December 31, 2001
PREVIOUS CHANGE:  November 30, 2001

## Dividends and Interest

**Taxable Income**

| Date | Activity | Description | Amount | Income Category |
|---|---|---|---|---|
| 09-01 | Dividend | ACTIVE ASSETS MONEY TRUST | .50 | Money Market Funds |
| 09-05 | Dividend | ACTIVE ASSETS MONEY TRUST | 1.27 | Money Market Funds |
| 09-20 | Dividend | ACTIVE ASSETS MONEY TRUST | .06 | Money Market Funds |
| 09-29 | Dividend | ACTIVE ASSETS MONEY TRUST | 2.20 | Money Market Funds |

Subtotal Taxable Income . . . . . . . . . 4.03

Total Dividends and Interest . . . . . . . 4.03

*See Income Summary on page 1 for the month-to-date and year-to-date amounts per income category.*

# CREDITS TO YOUR ACCOUNT

## Deposits

| Date | Activity | Description | Amount | Additional Information |
|---|---|---|---|---|
| 08-01 | Branch Deposit | FUNDS RECEIVED | 8,124.00 | |
| 08-12 | Branch Deposit | FUNDS RECEIVED | 8,124.00 | |
| 08-20 | Branch Deposit | FUNDS RECEIVED | 1,000.00 | |
| 08-12 | Branch Deposit | FUNDS RECEIVED | | |

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.

RUT 01029



# Morgan Stanley

NANCY J RUTKOWSKI &
LENARD J RUTKOWSKI MD JTEN

**ACTIVE ASSETS ACCOUNT®**
**FOR MONTH ENDING AUGUST 31, 2002**

Account Number
335 235383 084

PAGE 6 OF 35

## Deposits

| Date | Activity | Description | Amount | Additional Information |
|---|---|---|---|---|
| 08-20 | Branch Deposit | FUNDS RECEIVED | 8,124.00 | |
| 08-23 | Branch Deposit | FUNDS RECEIVED | 8,124.00 | |
| 08-23 | Branch Deposit | FUNDS RECEIVED | 8,124.00 | |

## DEBITS TO YOUR ACCOUNT

### Checking

| Date Written | Date Paid | Check # | Payee | Amount | Expense Category |
|---|---|---|---|---|---|
| 07-16 | 08-23 | 7555 | FIRST USA BANK NA | 1,900.00 | |
| 07-16 | 08-16 | 7556 | SPRINT | 35.06 | |
| 07-16 | 08-13 | 7561 | COH ED | 159.00 | |
| 07-16 | 08-12 | 7563 | WELLS FARGO HOME MORTGAGE | 2,679.26 | |
| 07-16 | 08-12 | 7564 | CHEVY CHASE BANK | 4,476.42 | |
| 07-22 | 08-09 | 7565 | UBVL AUTO LT | 872.10 | |
| 07-22 | 08-12 | 7566 | CHASE MANHATTAN MORTGAGE CORP | 1,195.00 | |
| 07-22 | 08-07 | 7567 | NCOOR | 177.35 | |
| 07-22 | 08-02 | 7569 | DINERS CLUB | 6,512.16 | |
| 08-12 | 08-07 | 7572 | PFL | 126.41 | |
| 07-26 | 08-07 | 7574 | PIONEER PRESS | 19.98 | |
| 07-26 | 08-01 | 7575 | SPRINT | 24.11 | |
| 07-26 | 08-07 | 7576 | COMCAST | 4.58 | |
| 07-26 | 08-01 | 7578 | DISH NETWORK | 28.97 | |
| 07-26 | 08-12 | 7579 | OBERWEIS DAIRY | 26.12 | |
| 08-05 | 08-26 | 7580 | HALTS LAWN MAINTENANCE | 1,070.00 | |
| 08-05 | 08-14 | 7581 | NEIMAN MARCUS | 56.04 | |
| 08-05 | 08-13 | 7582 | XO COMMUNICATIONS | 20.54 | |
| 08-05 | 08-12 | 7583 | MAPLE FURS | 120.00 | |
| 08-05 | 08-15 | 7584 | THE POOP ZONE | 45.00 | |
| 08-05 | 08-13 | 7585 | FIRST USA BANK NA | 3,524.25 | |
| 08-05 | 08-13 | 7586 | AT & T BROADBAND | 72.90 | |
| 08-05 | 08-13 | 7587 | STATE FARM INS | 714.66 | |
| 08-05 | 08-12 | 7588 | HINCKLEY SCHMITT | 60.80 | |
| 08-06 | 08-14 | 7589 | CZESTIAWA LESZCZYOSKA | 392.00 | |
| 08-14 | 08-26 | 7590 | THOMPSON PLUMBING | 294.24 | |
| 08-14 | 08-20 | 7591 | SPRINT | 63.50 | |
| 08-14 | 08-28 | 7592 | BANANA REPUBLIC | 61.88 | |

investments and services are offered through Morgan Stanley DW Inc. member SIPC.

RUT 01030

Sep 26 02 02:32P

P.45

# Morgan Stanley

**ACTIVE ASSETS ACCOUNT®**
*FOR MONTH ENDING AUGUST 31, 2002*

Account Number
335 235583 094

NANCY J RUTKOWSKI &
LENARD J RUTKOWSKI M.D. JTTEN

## Checking

| Date Written | Date Paid | Check # | Payee | Amount | Expense Category |
|---|---|---|---|---|---|
| 08-14 | 08-23 | 7593 | COHED | 318.00 | |
| 08-14 | 08-27 | 7594 | AUDI FINANCIAL SERVICES | 522.10 | |
| 08-14 | 08-27 | 7595 | AUDI FINANCIAL SERVICES | 517.05 | |
| 08-14 | 08-21 | 7596 | BFI | 36.45 | |
| 08-14 | 08-21 | 7597 | CARL DEISSELBERG | 30.00 | |
| 08-14 | 08-23 | 7598 | CARL DEISSELBERG | 35.00 | |
| 08-14 | 08-21 | 7599 | SEARS NATIONAL BANK | 100.00 | |
| 08-14 | 08-20 | 7600 | FPL | 21.83 | |
| 08-14 | 08-21 | 7601 | COSTCO CREDIT CARD | 200.69 | |
| 08-14 | 08-22 | 7602 | DINERS CLUB | 2,900.03 | |
| 08-20 | 08-26 | 7604 | COLIER CNTY UTIL BILLING | 30.00 | |

**Total Checking**

## Withdrawal

| Date | Activity | Description | Amount | Additional Information |
|---|---|---|---|---|
| 08-29 | Transfer | FUNDS TRANSFERRED | 2,315.90 | PER LETTER OF AUTHORIZATION TO 335 237446 3 |
| 08-29 | Adjustment | FUNDS RECEIVED | 8,124.00 | RETURNED BY BANK AS OF 08-26-02 |
| 08-29 | Adjustment | FUNDS RECEIVED | 8,124.00 | RETURNED BY BANK AS OF 08-26-02 |

**Total Withdrawals**

## Other Debits

| Date | Activity | Description | Amount | Additional Information |
|---|---|---|---|---|
| 08-29 | Charge | RETURNED CHECK FEE | -25.00 | |
| 08-29 | Charge | RETURNED CHECK FEE | -25.00 | |

**Total Other Debits**

**Total Debits To Your Account**

RUT 01031

# Morgan Stanley

NANCY J RUTKOWSKI &
LENARD J RUTKOWSKI MD JTTEN

**ACTIVE ASSETS ACCOUNT®**
FOR MONTH ENDING AUGUST 31, 2002

Account Number
335 235182 094

PAGE 8 OF 35

## Money Market

| Date | Activity | Description | Amount | Additional Information |
|---|---|---|---|---|
| 08-01 | Automatic Redemption | Closing Balance 7/31 | $4,213.71 | |
| 05-02 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -65.79 | |
| 05-05 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -4,147.92 | |
| 05-06 | Automatic Investment | ACTIVE ASSETS MONEY TRUST | 4,857.66 | |
| 05-06 | Automatic Investment | ACTIVE ASSETS MONEY TRUST | 0.50 | |
| 08-07 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -201.91 | |
| 08-12 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -4,666.25 | |
| 08-16 | Automatic Investment | ACTIVE ASSETS MONEY TRUST | 568.66 | |
| 08-15 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -45.00 | |
| 08-16 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -45.00 | |
| 08-20 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -55.06 | |
| 08-21 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -90.13 | |
| 08-21 | Automatic Investment | ACTIVE ASSETS MONEY TRUST | -200.47 | |
| 08-22 | Automatic Investment | ACTIVE ASSETS MONEY TRUST | 4,947.55 | |
| 08-23 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -582.94 | |
| 08-26 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -1,394.24 | |
| 08-27 | Automatic Investment | ACTIVE ASSETS MONEY TRUST | 19,208.85 | |
| 08-28 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -61.88 | |
| 06-29 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -2,315.20 | |
| 06-29 | Automatic Reinvestment | ACTIVE ASSETS MONEY TRUST | 2.20 | Dividend Reinvested |
| 08-30 | Automatic Redemption | ACTIVE ASSETS MONEY TRUST | -16,604.32 | |

## ADDITIONAL ACCOUNT INFORMATION

## Securities Delivered

| Date | Activity | Quantity | Description | Price | Amount | Additional Information |
|---|---|---|---|---|---|---|
| 08-29 | Transferred | 30,000 | ILL ST CLG SVRS 00000 10AURG | 22,035.60 | 22,035.60 | PER LETTER OF AUTHORIZATION TO 335-026960-0 |

## Morgan Stanley Fund Summary

| | YTD Dividends | YTD Cap Gains | YTD Taxes | Features |
|---|---|---|---|---|
| NEW DISCOVERIES FUND B | 0.00 | 0.00 | 0.00 | Reinvest Dividends and Capital Gains Margin |

Investments and services are offered thr...gh Morgan Stanley DW Inc., member SIPC.

RUT 01032

# Morgan Stanley

**ACTIVE ASSETS ACCOUNT®**
**FOR MONTH ENDING AUGUST 31, 2002**

Account Number
335 235383 094

PAGE 9 OF 35

NANCY J RUTKOWSKI &
LENARD J RUTKOWSKI MD JTTEN

## Morgan Stanley Fund Summary

| | YTD Dividends | YTD Cap Gains | YTD Taxes | Features |
|---|---|---|---|---|

## Tax Information

| | This Month | Year-to-Date |
|---|---|---|
| Margin Interest | .00 | -19.27 |

The tax information provided above should be used only as a guide; a complete 1099 will be sent to you.

## Messages

In the next few months, Morgan Stanley will implement electronic delivery of statements and other documents to customers who choose to receive them over the Internet. Customers who choose to receive documents electronically will receive e-mail notification whenever new items are posted. The e-mail note will include a link to ClientServ, Morgan Stanley's private Web site, where they may access their documents through use of a protected password.

If your accounts are linked (i.e., if all of your statements are physically delivered to your household in a single envelope), the primary accountholder for your account(s) may at any time choose to receive the linked statements electronically, rather than by U.S. mail. If the primary accountholder for your account(s) chooses to receive statements electronically and you want to continue receiving traditional paper statements, you must have your account(s) de-linked from the primary account.
To de-link your account(s), contact your Financial Advisor.

Investments and services are offered through Morgan Stanley DW Inc., member SIPC.

RUT 01033

# MorganStanley

1099-DIV
STATEMENT FOR TAX YEAR 2001
DIVIDENDS AND DISTRIBUTIONS

COPY B
FOR RECIPIENT
PAGE 1 OF 2

O.M.B. NO.:1545-0110

PAYER:
MORGAN STANLEY DW INC.
75 VARICK STREET
NEW YORK, NY 10013
IDENTIFICATION NUMBER: 94-1671384

Account Number
335 026968 094

Federal Tax ID
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

Customer Service
(800) 869-3326

NANCY J RUTKOWSKI TTEE
NANCY J RUTKOWSKI TRUST
DATED 06/12/1996
12 NATOMA COURT
OAK BROOK IL 60523-7710

001941

Payer

Morgan Stanley DW Inc.
PAYER'S FED. ID. # 94-1671384

ACTIVE ASSETS MONEY'S TRUST
PAYER'S FED. ID. # 13-3475005
PLAN NUMBER 260-092586697

| | 1. Ordinary Dividends | 2a. Total Capital Gain Distributions | 2c. Qualified 5 Year Gain | 2d. Unrecap Section 1250 Gain | 3. Nontaxable Distributions | 4. Federal Income Tax Withheld | 6. Foreign Tax Paid | 7. Foreign Country or U.S. Posses. | 8. Cash Liquidation Distributions |
|---|---|---|---|---|---|---|---|---|---|
| | 0.18 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 0.00 |
| | 7.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 0.00 |

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported.

The following dividend information is reported to the IRS by payer. When preparing your income tax return you should list payer information separately as shown below.

## IMPORTANT TAX INFORMATION - PLEASE RETAIN FOR YOUR RECORDS

RUT 30210

Morgan Stanley is a service mark of Morgan Stanley Dean Witter & Co. Services are offered through Morgan Stanley DW Inc., member SIPC.



# Morgan Stanley



NANCY J RUTKOWSKI TTEE
NANCY J RUTKOWSKI TRUST

## DETAIL OF DIVIDENDS AND DISTRIBUTIONS

| Payer/Pay Date | Ordinary Dividends | Long-Term Capital Gain Distributions | Qualified 5-year Gain | Unrecaptured Section 1250 Gains | Non-Taxable Distributions | Federal Income Tax Withheld | Foreign Tax Paid | Cash Liquidation Distributions |
|---|---|---|---|---|---|---|---|---|
| MORGAN STANLEY DW INC. UNIT HS HI-TECH 35 INDEX 014 SCHEDULE C | 0.18 | | | | | | | |
| TOTAL | 0.18 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| ACTIVE ASSETS MONEY TRUST 2001 | 7.52 | | | | | | | |
| Total | 7.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |



**IMPORTANT TAX INFORMATION - PLEASE RETAIN FOR YOUR RECORDS**

Morgan Stanley is a service mark of Morgan Stanley Dean Witter & Co. Services are offered through Morgan Stanley DW Inc., member SIPC.

RUT 30212

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**E O D**    DEC 0 3 2002

| | |
|---|---|
| IN RE: | ) |
| | ) No. 02 B 34101 |
| NEUROSURGEONS, LTD. | ) Hon. Carol A. Doyle |
| | ) Chapter 11 |
| Debtor. | ) |

## AGREED FINAL ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL

THIS CASE COMING ON TO BE HEARD for continued hearing on the "Debtor's Combined (Amended) Motion For Order Authorizing Debtor to Pay Prepetition Wages...and ... For Authorization to Use Cash Collateral" ("Motion") of the debtor-in possession **NEUROSURGEONS, LTD** ("Debtor"); Notice of Final Hearing on Debtor's Use of Cash Collateral dated October 21, 2002 ("Notice"), having been sent by Debtor, pursuant to the requirements of Section 363(c)(2) of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, to counsel for **JOHN MURPHY** ("Secured Creditor"), the U.S. Trustee, and the twenty largest creditors as identified by Debtor; this Court having jurisdiction of the matter; the Debtor representing that the immediate use of cash collateral is necessary to continued business operations; this Court having entered, by agreement, its Order Authorizing Payment of Certain Pre-Petition Debts on September 13, 2002 ("First Order"), its Second Interim Order Authorizing Use of Cash Collateral on September 20, 2002 ("Second Order"), and its Third Interim Order Authorizing Use of Cash Collateral on or about October 21, 2002 ("Third Order"); no objections having been received or raised by any party except Secured Creditor; the Debtor and the Secured Creditor having agreed to entry of this Final Order authorizing the use of cash collateral pursuant to Sections 361 and 363(c) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure, subject to any reservation of rights by Secured Party and Debtor as set forth herein; the Court having examined this Order and being fully advised in the premises, based upon representations by the attorneys for the Debtor and the Secured Creditor, as follows:

A.    This case was commenced on September 5, 2002, by the filing of a voluntary petition pursuant to the provisions of Chapter 11 of the Bankruptcy Code. The Debtor is an Illinois corporation in the business of providing medical services. The sole shareholder and officer, and the principal employee of the Debtor is Lenard J. Rutkowski, M.D. ("Dr. Rutkowski").

**EXHIBIT**

2

3.      **Net Cash Flow.** The term "Net Cash Flow" shall mean any and all receipts of any kind or nature from or related to the operation of Debtor's business, less all operating expenses in accord with the Budget.

4.      **Monthly Payments.** Debtor shall remit on a monthly basis starting in December of 2002 for the period of November 2002 (and thereafter in each month for the immediately preceding month), periodic payments as and for adequate protection payment of the claim of the Secured Creditor the greater of a) an amount equal to either Sixty Percent (60%) of the monthly Net Cash Flow from operation of Debtor's business, or b) $10,000, except as provided in paragraph 5. Such payments shall have priority over all administrative expenses incurred since the commencement of this case of the kind specified in § 503(b) or § 507(b) of the Bankruptcy Code, but excluding fees charged or assessed against the Debtor's estate pursuant to 28 U.S.C. § 1930. All payments shall be due within five (5) business days after the end of the month for which payment is due.

5.      **Exception to Monthly Payments.** For, and only for, the month of January of 2003, the Debtor shall remit to the Secured Creditor the greater of an amount equal to either Sixty Percent (60%) of the Net Cash Flow from operation of Debtor's business, or $5,000. Such amount may be paid out of Net Cash Flow retained from prior months.

6.      **Default of Payment**: In the event the Debtor fails to timely make payments hereunder, or makes payments for less than the amounts specified in Paragraph Four (4) or Five (5), the Debtor shall be in default and shall cease the use of cash collateral in accordance with paragraph Seven (7) hereof.

7.      **Termination of Use of Cash Collateral**: The Secured Creditor may terminate the Debtor's authority to use cash collateral if the Debtor defaults according to Paragraph 6, upon seven (7) calendar days prior written notice. Within seven (7) days after the date of sending such notice, provided the Debtor has not obtained a court order to use cash collateral after such notice, the Debtor shall cease use of cash collateral and shall hold all further cash collateral in a separate account, and immediately make an accounting to Secured Creditor, including all information to enable collection of each account receivable or each source of payment, for all income, monies and payment received since the Debtor's filing of the petition under chapter 11 and supply a copy of the same to the Secured Creditor with 5 days after receipt of such written notice.

8.      **Replacement Lien.** As and for additional adequate protection of his interest, Debtor grants the Secured Creditor a replacement lien in any and all post-petition collections and accounts receivable of the Debtor, whether now existing or hereafter created, a) to the extent of the Harris Lien in the amount of $102,000 (having credited prior payment of $20,000 to Secured Creditor as provided in the Third Order), and b) to the extent that the Corporate Lien is valid and remains unavoided pursuant to any appropriate provision of Title 11 U.S.C.

9.      **Entry of Order.** Entry of this order shall be without prejudice to the rights of the

Debtor or the Secured Creditor from otherwise seeking to protect their interests; provided however, that adequate protection payments received by Secured Creditor pursuant to the First Order, Second Order, Third Order, and this Final Order shall be non-refundable to the Debtor or a trustee in this case.

10.    **Post-Petition Receipts.** All of Debtor's post-petition receipts shall continue to be deposited into a single Debtor-in-possession account, including but not limited to Joliet Rehab Specialists ("JRS").

IT IS SO ORDERED:

ENTER:

_____
Honorable Carol A. Doyle
U.S. Bankruptcy Judge

12/2/02

CASHCOLPin1127.ORD

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NAME: Neurosurgeons, Ltd          CASE NO. 0234101

SUMMARY OF CASH RECEIPTS AND CASH DISBURSEMENTS

For Month Ending:  October 31, 2002

BEGINNING BALANCE IN ALL ACCOUNTS                          $  22,673.37

RECEIPTS:
1. Receipts from Operations                                $  82,365.24

   Total receipts                                          $  82,365.24


DISBURSEMENTS:
3. Net Payroll:
   a. Officers                                             $  23,945.60
   b. Others                                               $  10,979.60

4. Taxes
   a. Federal Income Taxes                                 $  11,206.78
   b. FICA Withholdings                                    $   2,339.93
   c. Employee's Withholdings                              $        -
   d. Employer's FICA                                      $   2,339.93
   e. Federal Unemployment Taxes                           $     197.25
   f. State Income Tax                                     $   1,501.15
   g. All Other State Taxes                                $        -

5. Necessary Expenses:
   a. Rent or Mortgage Payment(s)                          $   3,621.54
   b. Utilities                                            $     591.89
   c. Insurance                                            $   2,093.73
   d. Merchandise Bought for Manufacture
      or Sale                                              $        -
   e. Other Necessary Expenses (Specify)

   Auto expense                                            $   6,147.10
   Bank charges                                            $      66.52
   Contract Labor                                          $     312.00
   Dues                                                    $      60.00
   Licenses and fees                                       $   2,040.00
   Medical expenses                                        $     359.06
   Medical supplies                                        $     918.47
   Office expense                                          $     537.41
   Office equipment                                        $   1,000.00
   Postage                                                 $     103.48
   Software                                                $   1,210.00
   Subscription & Library                                  $     463.00
   Telephone                                               $   1,666.74

TOTAL DISBURSEMENTS                                        $  73,701.18

NET RECEIPTS (DISBURSEMENTS) FOR
THE CURRENT PERIOD                                         $   8,664.06

ENDING BALANCE IN ALL ACCOUNTS                             $  31,337.43


OPERATING REPORT Page 1

EXHIBIT "B"

11/12/02